**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHRISTOPHER KRUEGER, #369302,

       Petitioner,

                                  Case Number: 08-CV-10530
                                  Honorable Arthur J. Tarnow
                                  Magistrate Judge Steven D. Pepe

v.

THOMAS BELL,

       Respondent.

_____/

**OPINION & ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

Petitioner, Christopher Krueger, a state prisoner currently confined at Parr Highway Correctional Facility in Adrian, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 and 28 U.S.C. §2241, challenging the Michigan Parole Board's decision relative to his parole status. Petitioner pled guilty to attempted third-degree criminal sexual conduct. He was sentenced on July 10, 2006 to 3 years 2 months to 5 years' imprisonment. Petitioner's extensive criminal history relative to his parole status and it then being extended is complex.[1] Also, pending before the Court is Petitioner's "Ex

---

[1] "On 7/16/2001, the defendant was sentenced to 1 year, 4 months to 2 years incarceration with the MDOC for Attempt Delivery/Manufacture Marijuana. As a prisoner, he entered and completed the SAI Bootcamp and paroled on 10/30/2001. However while on parole supervision, he violated his parole on numerous occasions. It should be noted that while under parole supervision at that time, he committed the instant offense. He was eventually extended to his parole maximum date and discharged on 5/14/2003. His second felony conviction occurred on November 2004 for Delivery/Manufacture Marijuana. He was sentenced to 1 year, 11 months to 4 years incarceration with the MDOC in December 2004. [On March 30, 2006, the Michigan Parole Board denied Petitioner parole and extended his incarceration for an additional

*Krueger v. Bell,*
Case No: 08-CV-10530

Parte Omnibus Motion [Motion for Ex Parte Declaratory Judgment & Motion for Ex parte Injunction, etc.]." For the reasons set forth below, the Court will dismiss the habeas petition and deny Petitioner's "Omnibus Motion" as moot.

Petitioner challenges House and Senate Bill 4130, P.A., 181, which amended the parole statutes and became effective on September 22, 1992. Petitioner alleges that former Governor John Engler of the state of Michigan illegally altered or amended the legislative bill and therefore the amended statute is unconstitutional and void. Petitioner further alleges that the statutory amendments violated his rights under the Ex post Facto Clause of the United States Constitution. Petitioner seeks to be discharged from the Michigan Department of Corrections.

## I. Discussion

Petitioner has no constitutional or inherent right to release on parole. *Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex,* 442 U.S. 1, 7 (1979), and state court records indicate that he presently is not eligible for parole.

---

18 months.] At this time, he is incarcerated with the Michigan Department of Corrections in Adrian, MI . . . " (New Conviction Update Report, 7/22/06, pp. 1-2)

"The instant offense occurred between April 2003 through November 2004 and involved the defendant engaging in penile/vaginal intercourse with the complainant, Monica Kay Titus, who was 15-years old at the time the offense occurred. The complainant advised investigators that she willingly engaged in intercourse with the defendant Christopher Lee Krueger. The investigation resulted in a Bench Warrant being issued for the defendant on 4/10/2006." *Id.*

*Krueger v. Bell,*
Case No: 08-CV-10530

According to the Offender Tracking Information System ("OTIS"), Petitioner's earliest release dated is June 10, 2009. Thus, Petitioner's challenge to the Parole Board's jurisdiction over him is premature.[2]

Furthermore, although the Constitution prohibits Congress and the states from passing *ex post facto* laws, see U.S. CONST. art. I §9, cl. 3 and art. I, §10, cl. 1, a law is *ex post* facto only if it "punishes as a crime for an act previously committed, which was innocent when done, . . . makes more burdensome the punishment for a crime, after its commission, or . . . deprives one charged with the crime of any defense available according to law at the time when the act was committed . . . " *Beazell v. Ohio,* 269 U.S. 167, 169-70 (1925); see also, *Weaver v. Graham,* 450 U.S. 24, 28 (1981). The Clause is intended to provide fair warning about new punishments and to discourage arbitrary and oppressive legislation. *Weaver,* 450 U.S. at 28. "To fall within the *ex post facto* prohibition, two elements must be present: (1) the law must apply to events occurring before its enactment, and (2) it must disadvantage the offender affected by it." *United States v. Reese,* 71 F.3d 582, 585 (6th Cir. 1995).

In this case, none of these provisions apply here because Petitioner's crime occurred and he was convicted and sentenced after the challenged amendments were enacted and became law.

---

[2] Even though Petitioner's parole was denied on March 30, 2006, he caught a new case for which his early release date is June 10, 2009.

*Krueger v. Bell,*
Case No: 08-CV-10530

Petitioner also argues that the 1992 parole amendments violate several provisions of the Michigan Constitution. Petitioner's allegation that the legislative process violated the separation of powers between branches of state government is not cognizable on habeas review because it raises an issue of state law. *Austin v. Jackson,* 213 F.3d 298, 302 (6th Cir. 2000). In order to demonstrate that he is entitled to habeas corpus relief, Petitioner must show that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254 "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990), see also *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). Furthermore, state officials are not required to follow their own procedural statutes and rules as a mater of federal due process. *Sweeton v. Brown,* 27 F.3d 1162, 1165 (6th Cir. 1994) (en banc). Accordingly, Petitioner is not entitled to relief on his claims concerning perceived violations of the Michigan Constitution, or any other state laws.

## II. Conclusion

For the reasons stated, Petitioner has failed to show that he is incarcerated in violation of the Constitution or laws of the United States.

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED** and the matter is **DISMISSED**.

*Krueger v. Bell,*
Case No: 08-CV-10530

**IT IS FURTHER ORDERED** that Petitioner's "Ex Parte Omnibus Motion [Motion for Ex Parte Declaratory Judgment & Motion for Ex parte Injunction, etc.]" [Dkt. #13] is **DENIED** as **MOOT**.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: April 13, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 13, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary